## Commonwealth *v.* Light.

*Criminal law—Receiving stolen goods—Larceny.*

The mere proof of an unexecuted agreement entered into after a larceny had been committed, to participate in the sale of the goods known to have been stolen, is not in itself sufficient to sustain a conviction for receiving stolen goods.

*Criminal law—Practice—Charge of court.*

A conviction on a criminal indictment will be reversed, where the trial judge states as an established fact in the case, a matter which was the subject of the most serious controversy at the trial, and upon which the guilt or innocence of the defendant, in the minds of the jury, to a great extent depended.

Argued Feb. 13, 1900.    Appeal, No. 255, Jan. T., 1899, by Commonwealth, from judgment of Superior Court, Oct. T., 1898, No. 146, reversing sentence of Q. S. Lebanon Co., Dec T., 1897, No. 55, on verdict of guilty, in case of Commonwealth v. Ezra H. Light.    Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Appeal from Superior Court.

The facts appear from the report of the case in 10 Pa. Superior Ct. 66.

*Error assigned* was judgment of the Superior Court.

*J. Marshall Funck,* with him *E. E. McCurdy,* District Attorney, and *A. Frank Seltzer,* for appellant.

*Thomas H. Capp,* for appellee.

OPINION BY MR. JUSTICE FELL, March 26, 1900 :

For the reasons stated in the opinion of the Superior Court the mere proof of an unexecuted agreement entered into after a larceny has been committed, to participate in the sale of the goods known to have been stolen, is not in itself sufficient to sustain a conviction for receiving stolen goods. But we do not concur in the view that the part of the charge excepted to limited the jury to the facts stated therein and that the only question raised by the assignment is whether under the facts stated a conviction would be justified. It was intended by the instruction to state facts which the jury must find in order to convict, but these facts were to be considered in connection with other facts which were either admitted by the defendant or not disputed. That the goods were carried in a vehicle over which the defendant had entire control to the place where they were sold, and that he was present at the sale, was not in dispute; he had custody and control of the goods ; and if from the conduct of the parties his guilty knowledge and participation in the sale were found, his guilt of the crime charged was established. This part of the charge is however open to the objection that it states as an established fact in the case a matter which was the subject of the most serious controversy at the trial, and upon which the guilt or innocence of the defendant in the minds of the jury would depend to a great extent. Whether the defendant Light assisted in taking the turkeys to the buggy was the most important question in the case in determining his guilt. If he assisted in this act, his conduct at the time, shown by the same testimony, together with his denial, and his fabrication of an entirely different account of the matter left little room for doubt. If, as he testified, the turkeys were placed in the buggy by Sholl during his absence and without his knowledge, the case against him was much weakened. The statement that if " . . . . at any time between the time they took these turkeys to the buggy," etc., was an assumption by the court of a fact which had not been established by testimony. This was certainly injurious to the defendant. To what extent it prejudiced his case it is impossible to say. It is enough that it may have done so.

The judgment is affirmed.